IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NANCY CHEAIRS, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MARK THOMAS, LISA THOMAS FOX, *as Executor of the Estate of Helen Thomas, as Successor Trustee of Helen T. Thomas Living Revocable Trust, and as Successor Trustee of the John E. Thomas Residuary Trust,* and JOHN DOE, | ) ) ) ) ) ) ) No. 2:20-cv-2494-SHL-tmp |
|     Defendants. | ) |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

It has often been said that imitation is the sincerest form of flattery. However, in this case, Memphis-based artist Nancy Cheairs was none too flattered by the alleged unauthorized copying of her original artwork.

Before the Court is Plaintiff Nancy Cheairs' Motion for Partial Summary Judgment as to Liability of Mark Thomas. ("the Motion") (ECF No. 262.) Plaintiff seeks partial summary judgment against Defendant Mark Thomas[1] for her claims under the Copyright Act (17 U.S.C. § 106), Visual Artists Rights Act (17 U.S.C. § 106A) ("VARA"), and the Tennessee Consumer Protection Act (Tenn. Code Ann. § 47-18-104) ("TCPA"). In support, Plaintiff argues that there are no genuine issues of material fact as to Thomas' violations of these laws and that she is

---

[1] The Motion is only as to Defendant Mark Thomas. The Court refers to him in this Order as "Defendant" or "Thomas".

entitled to judgment as a matter of law. (ECF No. 262 at PageID 1734.) Defendant did not respond to the Motion.

For the reasons explained below, Plaintiff's Motion is **GRANTED IN PART** and **DENIED IN PART**. Because there are no genuine issues as to any fact material to Defendant's liability under the Copyright Act and VARA, Plaintiff's Motion is **GRANTED** with respect to those claims. However, Plaintiff's Motion is **DENIED** with respect to her TCPA claim as it is preempted by the Copyright Act.

## FACTUAL BACKGROUND

The following facts are taken from Cheairs' Statement of Material Facts in support of this Motion. (ECF No. 262-1). The Court only discusses the facts that are pertinent to the Motion. As Thomas did not respond to the Motion, none of the following facts are disputed.

Cheairs initially filed suit against only Thomas and an unknown "John Doe," alleging that Thomas sold a number of forgeries of her works in cooperation with John Doe, who assisted him in locating original, authentic works by Cheairs that were then used to create forgeries. (ECF No. 1 at PageID 4.) Cheairs alleges that between 2019 and 2020, Thomas took a number of oil paintings to Memphis Professional Imagining ("MPI") to have them scanned, digitized, and printed onto canvas. (ECF No. 262-1 at PageID 1735-36.) Thomas represented to Cliff Satterfield, the owner of MPI, that he had the right to make copies of the paintings and that making copies would not be copyright infringement. (Id. at PageID 1735.) Mr. Satterfield testified that each of these oil paintings had the name "Nancy Cheairs" on it. (Id.) He also testified that he believed Thomas' representations as to his intellectual property rights and delivered the digital images and copies to him in accordance with his instructions. (Id. at PageID

1735-36.) Cheairs testified that she did not in fact give Thomas permission to make copies of her artwork. (Id. at PageID 1737.)

During this same time period, Thomas ran multiple advertisements in the local newspaper, the Commercial Appeal, promoting art for sale by several Memphis artists, including Cheairs. (Id. at PageID 1736.) In December 2019, after seeing this ad, Haywood Henderson contacted Thomas about viewing his art collection. (Id.) Mr. Henderson testified that he had initially turned down Thomas' offer to view the art collection due to high prices, but that Thomas contacted him months later offering a discount. (Id.) In June 2020, Mr. Henderson met with Thomas to view his art collection at 4628 Peppertree Lane, the residence of Thomas' mother Helen Thomas.[2] (Id.) Mr. Henderson paid Thomas $5,000 for four paintings. (Id.) Thomas told Mr. Henderson that these paintings were by Cheairs. (Id.)

Shortly after purchasing the paintings from Thomas, Mr. Henderson showed his newly acquired artwork to Cheairs. (Id.) After examining the paintings, Cheairs concluded that each was an unauthorized forgery of her work. (Id. at PageID 1736-37.) On February 10, 2022, during the course of this lawsuit, Cheairs visited Helen Thomas' home to view Mark Thomas' art collection. (Id. at PageID 1737.) At the residence, she observed many unauthorized copies of her

---

[2] Cheairs later added Helen Thomas as a defendant. (ECF No. 116.) Cheairs alleges that Helen Thomas participated in her son's forgery scheme by providing payment to MPI in exchange for proceeds from the sale of the disputed copies, providing other funds to further her son's scheme, and allowing him to store the alleged forgeries and meet potential buyer in her home. (Id. at PageID 720-21.) Helen Thomas passed away in January 2022, and the Court granted Cheairs' Motion for Substitution of Parties, with Lisa Thomas Fox, the Executor of Helen Thomas' Estate, Successor Trustee of the Helen T. Thomas Revocable Living Trust, and Successor Trustee of the John E. Thomas Residuary Trust taking her place. (ECF Nos. 169, 177). For a full summary of Helen Thomas' involvement in this matter, see the Court's Order Granting in Part and Denying in Part Defendant Lisa Thomas Fox's Motion for Summary Judgment. (ECF No. 286.)

artwork and determined that these copies were derived from fourteen of her original works of art. (Id.)

Cheairs testified that the forgeries she viewed with Mr. Henderson and at Helen Thomas' residence were digital images printed with ink in such a way as to make them appear to be original, and featured her signature to further bolster the appearance of authenticity. (Id.) The forgeries used physical materials, such as canvas and wooden mounting materials, that were not of the quality she typically uses in her work. (Id.) These inferior physical materials contributed to a poor appearance and cheap representation of Cheairs' work. (Id.) Furthermore, some of the forgeries were printed in sizes that differed from the dimensions of the corresponding original work, which made them appear pixelated and distorted. (Id.) Some also had stains or blemishes on the back of the canvas, in an attempt to make the works appear more convincingly hand made as opposed to printed. (Id. at PageID 1738-39.) Many had paint applied to the sides of the canvas to conceal their clean machine-printed edges. (Id. at PageID 1738.) Thomas' creation of forgeries in a medium that Cheairs did not authorize, using inferior physical materials, creating images with machine-created edges, changing the proportions of the works, and placing her signature on these objects without her permission damaged her reputation and caused financial and emotional damage to her. (Id.)

Cheairs also states that the Copyright Office granted her copyright registration in each work that Thomas copied. (Id. at PageID 1745.) Before the filing of her Fifth Amended Complaint, the Copyright Office issued a certificate of copyright registration to Cheairs for each work at issue. (Id.)

**PROCEDURAL HISTORY**

Cheairs filed her Fifth Amended Complaint on March 10, 2022. (ECF No. 198.) She seeks a continuation of the temporary restraining order and preliminary injunction the Court granted on July 14, 2020, which restrained Thomas from creating, copying, marketing, offering, showing, or selling any work he claims are works by Cheairs, along with an eventual permanent injunction to that same effect. (Id. at PageID 1242-45.) Cheairs alleges that Thomas' reproduction and sale of her work constitutes violations of the Copyright Act and VARA. (Id. at PageID 1245.) She requests the relief afforded by these statutes, including but not limited to, impoundment, damages, statutory damages, and attorney's fees and costs. (Id. at PageID 1245-47.) Cheairs also alleges that Thomas' placement of objects made with inferior physical materials into the stream of commerce under the false pretense that they were created by Cheairs violated the TCPA. (Id. at PageID 1249.) She requests the relief afforded by the TCPA, including damages, treble damages, and attorney's fees and costs. (Id. at PageID 1252.)

Cheairs filed this Motion for Partial Summary Judgment on October 3, 2022. (ECF No. 262.) To date, Thomas has not filed a Response. Furthermore, throughout this litigation, Thomas has declined to provide any evidence. He repeatedly invoked his Fifth Amendment privilege against self-incrimination at his deposition. (See ECF No. 262-5 at PageID 1764.) And, on May 2, 2022, he invoked his Fifth Amendment privilege in his Response to Cheairs' Fifth Amended Complaint, (ECF No. 215), Response to Request for Documents, (ECF No. 215-2), and Answer to Interrogatories, (ECF No. 215-3). Although Thomas did not have an attorney at the time of the May 2, 2022 filing, he is now represented by counsel. (See ECF No. 215 at PageID 1390; ECF No. 252.) His counsel has not sought leave to amend his May 2, 2022 filing or sought an extension to respond to this Motion.

# ANALYSIS

While Cheairs' Motion is unopposed, the evidence submitted by her in support of her Motion must be carefully reviewed to determine whether a genuine dispute of material fact exists. Here, the record establishes that there is no genuine issue as to any fact material to Thomas' liability under the Copyright Act and VARA. Therefore, Cheairs is entitled to summary judgment as to these claims. However, as a matter of law, Cheairs is not entitled to summary judgment as to her TCPA claim because the rights asserted in this state law claim are legally equivalent to the exclusive rights provided by the Copyright Act. Her TCPA claim is therefore preempted.

## I. Summary Judgment Standard

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The court must view the facts in the record and reasonable inferences that can be drawn from those facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

Once a properly supported motion for summary judgment has been filed, the party opposing summary judgment must show that there is a genuine dispute of material fact by pointing to evidence in the record or argue that the moving party is not entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c)(1). The opposing party "cannot rest solely on the allegations made in [his] pleadings." Everson v. Leis, 556 F.3d 484, 496 (6th Cir. 2009) (quoting Skousen v. Brighton High Sch., 305 F.3d 520, 527 (6th Cir. 2002)).

A genuine issue for trial exists if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The court's role is not to weigh evidence or assess the credibility of witnesses, but simply to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Kroll v. White Lake Ambulance Auth., 763 F.3d 619, 623 (6th Cir. 2014) (quoting Anderson, 477 U.S. at 251–52). If the moving party meets its initial burden and the nonmoving party fails to respond, "its opportunity is waived, and its case wagered." Guarino v. Brookfield Twp. Trustees, 980 F.2d 399, 405 (6th Cir. 1992).

      Cheairs argues that she is entitled to summary judgment on each of her claims because of Thomas' failure to respond. (ECF No. 262-2 at PageID 1743.) She argues that because he failed to provide any evidence in these proceedings, no factual disputes exist. (Id.) To be sure, Thomas must bear the consequence of his lack of evidence. In some cases, if a party claims the Fifth Amendment privilege and does not present his own evidence there will be nothing to support his view of the case and a grant of summary judgment will be proper. Baxter v. Palmigiano, 425 US 308, 318-19 (1976). Nonetheless, a court may not use a party's failure to respond as a reason for granting summary judgment without first examining all the materials properly before it. Fed. Trade Comm'n v. E.M.A. Nationwide, Inc., 767 F.3d 611, 630 (6th Cir. 2014). This is because "[a] party is never required to respond to a motion for summary judgment in order to prevail since the burden of establishing the nonexistence of a material factual dispute always rests with the movant." Id. (quoting Smith v. Hudson, 600 F.2d 60, 64 (6th Cir. 1979)). Therefore, even where a motion for summary judgment is unopposed, a court must carefully review the portions of the record submitted by the moving party to determine whether a genuine dispute of material fact exists and whether the movant is entitled to judgment as a matter of law. Id. The Court undertakes this careful review of the record below.

### II. Copyright Infringement

Cheairs argues that there is no genuine issue as to any fact material to Thomas' liability for copyright infringement under the Copyright Act. (ECF No. 262-2 at PageID 1744.) To establish a copyright infringement claim, a plaintiff must show: (1) ownership of a valid copyright, and (2) copying of the constituent elements of the work that are original. Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 US 340, 361 (1991). As to the first element, registration of a valid copyright is prima facie evidence of ownership and that the work is entitled to protection. ECIMOS, LLC v. Carrier Corp., 971 F. 3d 616, 628 (6th Cir. 2020). For the second element, the defendant's copying must relate to elements of the work that are protected by copyright. Feist, 499 US at 361. A plaintiff may demonstrate copying through direct or indirect evidence. Enchant Christmas Light Maze & Market Ltd. v. Glowco, LLC, 958 F.3d 532, 536 (6th Cir. 2020).

Here, the record establishes that Cheairs created and owned the copyright in the original paintings that Thomas used to make his forgeries. The Copyright Office issued a certificate of copyright registration to Cheairs for each work at issue, providing prima facie evidence of ownership of a valid copyright. Furthermore, Cheairs testified that the paintings she inspected from Mr. Henderson and at Helen Thomas' house were unauthorized copies of her original work. There is no evidence in the record to the contrary.

Cheairs has also established the second element of copying. Mr. Satterfield, the owner of MPI, provided direct evidence of copying. He testified that, per Thomas' instructions, MPI scanned, digitized, and printed copies of oil paintings that bore Cheairs' name. Additionally, Mr. Henderson testified that he purchased four works from Thomas, and that Thomas represented that these works were original paintings created by Cheairs. This evidence establishes that

Thomas copied Cheairs' original artwork, and, as noted, Thomas did not respond to this Motion and has not disputed any of these facts.

Because there is no factual dispute as to whether Cheairs owned a valid copyright in the works at issue or that Thomas copied her works to create his forgeries, Cheairs' Motion is **GRANTED** as to her Copyright Act claim. She is entitled to summary judgment as to Thomas' liability for copyright infringement under the Copyright Act.

### III.   VARA

Cheairs also argues that there is no genuine issue as to any fact material to Thomas' liability under VARA. (ECF No. 262-2 at PageID 1746.) VARA grants the author of a work of visual art the right "to prevent the use of his or her name as the author of any work of visual art which he or she did not create." 17 USC § 106A(1)(B).

The facts in the record establish that Thomas also violated VARA. He copied Cheairs' original works of visual art and put her name on each copy as if she had created it. Mr. Henderson testified that Thomas represented that each painting he sold him was an original work of art by Cheairs. Cheairs inspected the artwork Mr. Henderson purchased from Thomas, as well as artwork that Thomas stored at his mother's home, and testified that these pieces of art were forgeries of her original work. She further testified that she did not authorize Thomas to put her name on any work. Therefore, Cheairs has met her burden to establish Thomas' liability under VARA. Because Thomas does not dispute any of these facts, there is no genuine dispute of any fact material as to his liability under VARA. Therefore, Cheairs is entitled to summary judgment and her Motion is **GRANTED** as to her VARA claim.

**IV.     TCPA**

Finally, Cheairs argues that there is no genuine issue as to any fact material to Thomas' liability under the TCPA.  (ECF No. 262-2 at PageID 1747.)  The TCPA prohibits causing the likelihood of confusion or misunderstanding as to the source, sponsorship or approval of services being provided, or their affiliation, connection, or association with another. Tenn. Code Ann. § 47-18-104(b)(2)(3).  The TCPA also prohibits representing that goods are of a particular standard, quality, or grade, when they are of another.  Tenn. Code Ann. § 47-18-104(b)(7).

According to Cheairs, the record shows that Thomas violated the TCPA and damaged her reputation by putting objects in the stream of commerce that he said she created but that were not her work and that were created and mounted with cheap materials that she does not use.  (ECF No. 262-2 at PageID 1748.)  Cheairs further argues that Thomas violated the TCPA by falsely representing that she created the artwork he showed to potential buyers.  (Id. at PageID 1748-49.)  Because Thomas does not dispute any of these facts, Cheairs argues that she is entitled to summary judgment as to his liability under the TCPA.  (Id. at PageID1749.)

While there is no genuine issue of fact as to Thomas' liability under the TCPA, Cheairs is not, as a matter of law, entitled to summary judgment because her state-law TCPA claim is preempted by her Copyright Act claim.  The Copyright Act expressly "preempts state law claims, and federal law vests exclusive jurisdiction over such preempted copyright claims in federal courts."  Ritchie v. Williams, 395 F.3d 283, 285 (6th Cir. 2005).  Section 301 of the Copyright Act subjects any state law to federal preemption if:  (1) the law creates "legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by Section 106"; and (2) the rights under such state law may be claimed in

"works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by Sections 102 and 103."

In her Fifth Amended Complaint, Cheairs also asserts claims against co-defendant Lisa Thomas Fox under the TCPA and Copyright Act. (ECF No. 198 at PageID 1247-48, 1249, 1251.) Fox, in her Motion for Summary Judgment, argued that Cheairs' state law TCPA claim should be dismissed as preempted by the Copyright Act.[3] (ECF No. 260-1 at PageID 1719-20.) She argued that the two requirements for preemption, "equivalency" and "subject matter", were met in this case. According to Fox, "equivalency" is established because Cheairs' TCPA claim seeks to vindicate legal and equitable rights that are equivalent to one or more of the bundle of exclusive rights protected by the Copyright Act. (Id.) Moreover, Fox argued that Cheairs' TCPA claim arose out of the copying and distribution of her work—conduct that falls squarely within the exclusive rights protected by Section 106 of the Copyright Act, thus fulfilling the "subject matter" requirement. (ECF No. 278 at PageID 2239.)

In her Response to Fox's Motion, Cheairs argued that her TCPA claim against Fox was not preempted by the Copyright Act. (ECF No. 277 at PageID 2205-06.) In support, Cheairs argued that her TCPA claim arose from Thomas' use of inferior physical materials in the use of his forgeries. (Id. at PageID 2206.) She alleged that Thomas' forgery scheme deceived consumers into thinking that they were buying original works by Cheairs when in fact the goods they were being sold were made of inferior materials and were not the artist's work. (Id. at PageID 2210.) She further argued that Thomas' use of inferior physical materials damaged her

---

[3] In addition to Cheairs' TCPA claim, Fox argued that Cheairs' state law claims for common law conspiracy, tortious interference with prospective business relationships, unjust enrichment, and libel were preempted by the Copyright Act. (ECF No. 260-1 at PageID 1719-20.) The Court agreed and dismissed these state law claims. (ECF No. 286.)

11

reputation as an artist and damaged the integrity of her body of work. (Id. at PageID 2209.) According to Cheairs, this deception of potential buyers went beyond the mere act of copying and was not preempted by the Copyright Act. (Id. at PageID 2210).

Here, Cheairs offers the same argument on her TCPA claim, supported by the same facts, as offered in Response to Fox's Motion for Summary Judgment. For the reasons explained in the Court's Order Granting in Part and Denying in Part Lisa Fox's Motion for Summary Judgment, (ECF No. 286), the Court finds that Cheairs' TCPA claim is equivalent to the exclusive rights within the general scope of copyright as specified by Section 106 of the Copyright Act.[4] Accordingly, Cheairs' TCPA claim against Thomas is preempted by the Copyright Act and is therefore **DISMISSED**.

## CONCLUSION

For the reasons stated above, the Court **GRANTS** Plaintiff's Motion for Partial Summary Judgment as to Defendant Mark Thomas' liability under the Copyright Act and VARA. However, the Court **DENIES** Plaintiff's Motion for Summary Judgment as to her TCPA claim and **DISMISSES** that claim as preempted.

**IT IS SO ORDERED**, this 2nd day of February, 2023.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

---

[4] As the Court previously ruled on the preemption of Cheairs' TCPA claim under the Copyright Act, the Court need not conduct a separate preemption analysis in this Order. For a more detailed preemption analysis and review of relevant caselaw, see the Court's Order Granting in Part and Denying in Part Lisa Fox's Motion for Summary Judgment. (ECF No. 286.)